Good morning, and may it please the Court. My name is Ryan Criss, and I'm here on behalf of appellant plaintiffs Mahan Taleshpour, the other putative class members, and the putative class of consumers that purchase defendant's laptops. I'd like to reserve just three minutes for rebuttal. I'm here this morning to address why the District Court incorrectly applied California law as it trends today. Most specifically, California law does not limit a manufacturer's duty to disclose material defects outside the warranty period just to safety hazards, but also when the defects arise to the product's central functionality. Counsel, on the question of California law, do you concede? I know you don't concede that it does, but if, in fact, we were only governed by Wilson, that we would affirm the District Court? Well, Your Honor, I think Wilson, no, to answer your question. Okay, so putting aside everything that's happened since the changes in the law that you pointed to, why is that? So if Wilson applies, and that's the governing standard, assume that for the moment, why do we not affirm the District Court? Yes, Your Honor, so Wilson relied mostly on Daughtry and Barton, two California court of appeal cases that arose before Wilson, so it interpreted California law that way. But the most important thing that the court in Rutledge pointed out about Daughtry was that it did not preclude the defendant from having to disclose this information afterwards. So California law, as it stands even before Wilson, required a defendant to still disclose that. So I do think that there is probably still some viability to Wilson in the extent that, of course, when you do have a safety hazard that arises after the warranty period has arose, then, yes, of course, that's still a plausible cause of action. So, Counsel, why don't we certify this case to California, the Supreme Court? Yes, Your Honor, we did ask that in our reply. You know, I will be the first one to tell you that Rutledge was, you know, in our opinion, in our favor, but not as clear as it could have been in interpreting this. So we would appreciate guidance from the California Supreme Court on this issue. So I do think that would be an appropriate approach. You would be agreeable to certification? Yes, Your Honor. Even though it may take two or three years to hear back? Yes, Your Honor, I understand the ramifications of that. I have a totally unrelated case that we sought certification in March of 2021, and we just got an indication that there may be oral argument in the summer, which means it will probably be at least two years before there is a ruling on the merits. Yes, and I understand that, Your Honor. And I do believe the facts in this case don't lend to any decaying type of memory issues or anything like that that would make timing quite that much of an issue. I, as well, have a pending question before the California Supreme Court. This court did certify an issue back in 2015, actually. It's been waiting that time. So, yes. But, Your Honor, I would like to focus mostly on the three elements that were boiled down in Hodson. So Hodson really took the elements of a fraudulent concealment claim, and they said, you know, an omission is fraudulent if it is material, if it affects the central function of the product, and whether it satisfies one of the Lemandry factors, and that's whether the defendant is plaintiff's fiduciary, whether they have exclusive knowledge of a material fact not known or accessible to plaintiff, or has actively concealed a material fact from the plaintiff, and makes partial representations that are misleading because some of the other material facts have not been disclosed. Now, this court, the district court, in its first motion to dismiss ruling, found that plaintiffs and appellants have already satisfied those elements under Hodson. However, when Apple filed its second motion to dismiss, it dismissed it on very, very narrow grounds, and we do not believe that either Wilson or any of the California Court of Appeal decisions on point add an additional fourth element that any of these defects must arise within a warranty period. Now, what I think the district court might have done, because I think this area of law can be somewhat confusing, is perhaps applied a breach-of-warranty cause-of-action analysis to the issue here. Now, what I mean by that is, of course, if there's a breach-of-warranty cause-of-action, then you have to bring the case within the breach-of-warranty period. Because in Rutledge, what had happened was that the individual who brought her claim actually suffered the defect during the warranty period, but did not bring it until afterwards, after the warranty had expired. That factual distinction was very important to the district court, and we do not believe that that was correct, largely because, one, the factual allegations were almost identical to the present case. They concerned Hewlett-Packard's laptops that were the plaintiff alleged that ultimately the laptops would cease function due to an inherent defect. But the Court of Appeal unequivocally rejected the argument that someone has to bring a fraudulent concealment claim within the warranty period. And it looked back at Daughtry and Barden, and it found that neither one of those cases precluded duty to disclose material information to a consumer. That's the most important part here. And that distinction between having just to disclose a defect is much different than having to actually warranty that the product will last for the duration of the entire period. So, in doing so, the Court of Appeal looked back to the purpose of the UCL, which is ultimately to stop unscrupulous business practices and also to protect consumers. So, the Court found this. A claim for fraudulent business practices reflects the UCL's focus on the defendant's conduct rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices. Most importantly, and here's the most important distinction in Rutledge, the question under the UCL is related to defendant's conduct in failing to disclose the defect, not whether the laptop functioned for one year. Defendant's argument that the expiration of the warranty period precludes a claim for fraudulent concealment under the UCL is simply incorrect. That's ultimately Apple's argument here, Your Honor. And it's squarely at odds with California law as we see it today. Now, the court also recognized in Hodson that there was probably a departure or at least a clarification from Daughtry and Barden. And it did not overrule Wilson. But that's because the facts before this court in Hodson did not give the court the opportunity to do so. In Hodson, there was an allegation that Mars, the defendant, used slave labor. Is your view that you can still prevail under Wilson or do we have to say that Wilson is no longer good law? I believe that Wilson has to be tweaked, Your Honor. And how so? Did you say tweeted or tweaked? Just slightly altered, Your Honor. I appreciate the logic in Wilson that does apply the safety hazard defect. I think that's still great law. However, Wilson goes to the point where it almost seems like it is the exclusive remedy and that a plaintiff is barred from bringing a fraudulent omission case within the warranty period. And if that is the case, it is our position that that needs to be overturned. But which we can't do, correct? This panel cannot do? Well, I believe under Rutledge and under the— Intervening case law, Your Honor. And yes, the court did contemplate that in Hodson to revisit and it did kind of concede that with the updated California law, as it's constantly evolving, did give the court room to potentially consider that. But it didn't because the plaintiff in that court ultimately did not allege either a safety defect or a central function defect. So, Your Honor, as we would submit now, Hodson ultimately recognized that there are two factual circumstances. It's either a central function defect or a safety hazard that has to be disclosed during the product's somewhat useful life. Now— Counsel, we're dealing with case law. Is there any statutory authority out there that would shed a light on this? Your Honor, it would come straight from the UCL and the CLRA themselves and the statutory purposes that are to protect consumers. I wish there was a nice shiny sentence that said you could bring it within a certain time frame, but it is certainly a battle of public policy, Your Honor. And what is it—are you relying entirely on Rutledge as, in effect, tweaking Wilson? In other words, what's bothered me about this case is where does this come from? You've got this pretty broadly accepted principle that there are no claims with respect to occurrences outside of the warranty period. And now we somehow can invent a new principle here? No, not quite, Your Honor. I do believe that—so in Daughtry and Barden, they did not specifically address this issue of whether or not claims are limited within just the warranty period absent a duty to disclose a safety defect. So I think before the court in that case, the central product defect was not there. So it's really just this new emphasis that Rutledge places on the central function defect. So a couple cases come to mind, Your Honor, that have agreed with appellants in this and have agreed that Hodson means that a central function defect may no longer be the basis for a fraudulent omission claim outside the warranty period. So those cases are Sosenko versus LG. There was a refrigerator compressor that failed to adequately cool the plaintiff's food. The court reviewed Hodson and found, quote, the Ninth Circuit recognized developments in California law and relaxed Wilson's safety hazard requirement in holding that manufacturers may also have a duty to disclose defects in manifesting beyond the express warranty period that affects a product's central functionality. Since the defendant there did not actually allege Wilson's safety defect precluded a claim, the court ultimately found that it's either that it was within the warranty period or that defendant just conceded the point. Counsel, let me follow up on a question regarding my colleague's question, which is I'm somewhat the parties really haven't addressed this, but I see in your complaint your third cause of action appears to be a common law cause of action, fraudulent concealment. And the parties' briefing and the cases really don't. They sort of just mill together, if you will, the UCLA and the UCL and the common law analysis, it's all just lumped together as opposed to parsing it out. Is there any daylight at all between the statutory claims in count three? Slightly, Your Honor, and I think that's why the statutory purpose behind the UCL and the CLRA are that much more important. So I will inform the court and submit to the court that ultimately this factual distinction blends between all of them. In a lot of ways, the CLRA and the UCL are somewhat derivative of the fraudulent concealment claim. Ultimately, if there was a fraudulent concealment, then it does trigger the analysis under the UCL and the CLRA, if that answers Your Honor's question, because I do think that there is a lot of blending. But the elements are largely intertwined between this one factual issue. I mean, certainly the briefing law has treated them as interchangeable. I would agree, Your Honor. All right. And you agree that all the state, you have these numerous state law claims here. You haven't had any, there's no argument to your effect that there's some different standard that basically, as I understand it, essentially you're conceding that California law governs these other states as well in terms of that is our resolution of the state law claims. The California state law claims also is dispositive as to the remainder. Yes, Your Honor. I have not thought that far ahead in regards to whether it applies to Florida law or whatnot. But I would, at least as I'm here before you today, I would agree with that. Counsel, you're down to less than a minute if you want to reserve that. I would like to do that, Your Honor. Very well. Thank you very much. We'll hear from counsel for Apple. Good morning, and may it please the Court. I'm Greg Silbert for Apple. This Court's published decision in Wilson against HP is binding Ninth Circuit precedent. I heard my friend on the other side concede that Wilson bars their claims. Like any Ninth Circuit precedent, Wilson sets the rule of decision for every subsequent panel unless there is clear evidence that California law has changed. But there is no such evidence because every published California decision either directly supports the Wilson rule or is distinguishable on its facts. What about Rutledge? Rutledge is distinguishable on its facts on two grounds, Your Honor. The first one is that Rutledge, unlike this case, was not a pure omission claim. And if you read the decision just a few paragraphs past the passage that my friend quoted to you, you see that Rutledge says that the basis for the alleged duty to disclose in that case is a representation, a misrepresentation about the reliability of the product. And in fact, the ultimate holding of Rutledge is that there is a tribal issue as to whether that misrepresentation created a duty to disclose. And that's why in Hodgson the panel held that one of the interpretations of Rutledge is there is a duty to disclose when there is a misrepresentation. But this case, like Wilson, like Doherty, like Barden, and like Williams against Yamaha, another published decision by this court that was issued after Rutledge is a pure omission case. And in fact, my friends concede it's a pure omission case. At pages 3 and 44 of their opening brief, they lay out what they say are the elements of a pure omission claim. And they go on to argue that they meet those elements. But a pure omission claim is very different from a claim based on a misrepresentation, which is what Rutledge was. Counsel, shouldn't we be at least aware of the tea leaves, so to speak, in Nalick and Gutierrez out of the court of appeal? So both are distinguishable, Your Honor. First of all, Nalick, which was not cited to you by the plaintiffs, is an unpublished decision. It is not citable under California law. Also, if you read that decision, it sure sounds like it is going against the Wilson rule. It says we agree with Hosden and Rutledge. I urge you to read past that because what it then says is the same thing Rutledge says, that the alleged duty to disclose in that case, Nalick against Seagate, is based on a misrepresentation. And a misrepresentation claim where the duty to disclose arises because a manufacturer said something about a product that is not true, that is a very different context than this case, than Wilson, than Doherty, than Barden. The rule that applies here that this court laid down in Wilson, that it reaffirmed after Rutledge in Williams against Yamaha, is a pure omission rule. And that rule says when you have a pure omission claim and the product functions as warranted for the entire warranty period and there is no safety hazard, then there is no duty to disclose. One last question from me. I'm sure my colleagues have other questions. I take it then you see no reason to certify to the California Supreme Court. Two points on certification, Your Honor. Number one, it would be very unusual, and as far as I know, unprecedented, to certify a state law question when there is not just one but two published panel decisions that already decide that exact same question. And significantly, the second of those decisions, Williams against Yamaha, which applies and reaffirms the Wilson rule, was handed down by this court two years after Rutledge, which is the only case that is even arguably in tension with Wilson. It's not actually in conflict with Wilson. That's my second point. But even if you assumed that it was, after Rutledge, this court decided that same question in Williams against Yamaha in a published presidential decision. So I think it would be very odd and it would set, let's say, a very strange precedent about precedent to say we have a circuit rule, we have binding Ninth Circuit law on this, we've already decided it after the only state court decision that is arguably in tension with it, but we're still going to certify it to the California Supreme Court. Second point about certification, you have three sources of California law and every one of them is singing from the same hymnal and they are all telling you that the plaintiffs have no claim here. Those sources are the California Courts of Appeals in the duty-to-disclose cases like Doherty and Barden and Collins. You have the California Supreme Court in the closely related context of the warranty cases and the relevant cases there are Seeley and Jimenez. And you have the California legislature. This goes to your question, Judge O'Scanlan, are there any relevant statutes? Yes, there are. The relevant statute is the Song-Beverly Act, which is the implied warranty statute and what is most relevant about that statute is the California legislature said in no event can the implied warranty of merchantability last longer than one year, in no event. So what that tells us is the California legislature has struck a balance between adding greater warranty protection to consumers on the one hand and on the other hand requiring consumers to buy extended warranties because we all know that warranties are not free. And what the California legislature decided is the right balance is no longer than one year. The plaintiffs are here telling you no, there is an implied warranty by operation of common law that has an infinite or indefinite duration for every product sold in California. Every California consumer has to buy that extended warranty whether they want to or not. That is not the rule that the California legislature adopted. It is not the rule that the courts of appeals adopted in the duty to disclose cases. It is not the rule that the California Supreme Court adopted in the warranty cases, which are Seeley and Jimenez. And in fact, that warranty rule is the underpinning of California's economic loss doctrine. The California Supreme Court just reaffirmed that economic loss rule in a case called Sheen about three months ago. So every source of California law is telling you that there is no claim here. That is a very strange context to certify to the California Supreme Court and add, as you said, Judge O'Scanlan, two or three years to a case that we think you can easily decide today based on existing Ninth Circuit precedent. Okay, let me address Hodson. If you go back and read the appellate briefs in Hodson, which I did preparing for this argument, it is very clear that the issue that was disputed between the parties was not whether the Wilson rule applies on the facts of Wilson, which are the facts of this case, pure emission claim, product satisfies the limited warranty, no safety hazard. The dispute between the plaintiff and the defendant in Hodson was whether the Wilson rule applies in other circumstances more broadly, like the circumstances of Hodson where there was no warranty. And in fact, in the plaintiff's opening brief in Hodson, the plaintiff expressly concedes that it makes sense to require a safety hazard when a defect arises after a limited warranty because of the concern about displacing warranty law that has been very clear and settled in California since the Seeley decision in 1965. I think my friend told you that Doherty does not address that concern. That's wrong. Doherty says at great length, look, if you impose the duty to disclose in a case like this where the product satisfies the limited warranty, you would be displacing warranty law. Wilson quotes that passage from Doherty. And Collins, a decision which found a duty to disclose, also says very clearly the reason there's a duty to disclose here is because the defect arises during the warranty. If it arose after the warranty, you would have the problem that the Doherty court identified that these consumer protection claims would be doing an end-run-around warranty law. But on the facts of Collins, that wasn't true because it was an in-warranty defect. So that is the clear rule of California law. If you have a limited warranty, defect arises in the warranty, then there can be a duty to disclose. If the defect arises only after the warranty and you have a pure emission claim like this one, again, not the facts of Rutledge, but those were the facts of Doherty and Barden and Wilson and Williams in this case. Counsel, what would happen if someone fails to comply with the warranty? So maybe there's a registration requirement for a warranty, and so therefore it's invalid. At that point, which time period pertains? Is Your Honor's question there is a warranty, but the warranty is invalid? So say a customer fails to comply with the conditions of the warranty, and so therefore it's invalid. So Apple would hold it invalid. At that point, do we look at the time period of what Apple holds out as the warranty period, or do we, since the warranty never became valid, do we say we don't have to use the post-warranty rule? Great question presented here. Those were exactly the kinds of questions that were debated in Hodgson. Wilson doesn't answer that. I don't think Doherty answers it. I don't think Barden answers it. All those cases are exactly like this one where there is an applicable warranty. The bid and ask in Hodgson was the plaintiff said, look, Wilson applied a rule about warranties, and the policy concern that animated it was displacing California's warranty law. When you don't have a warranty, as you didn't in Hodgson, that rule doesn't apply. The defendant in Hodgson said no. Wilson said that a manufacturer's obligations are limited to its warranty obligations, and so if there is no warranty, then the manufacturer has no obligations. That was the debate, and that is sort of the territory, Judge Mote, where your question lives. I don't know the answer, to be quite honest, but you don't have to answer it here, right? So if there's any uncertainty in California law, if there's any uncertainty about the reach of Wilson or the application of Wilson, it's there. It's what if there is no warranty, or in the context of Rutledge, where you have an affirmative misrepresentation, which you don't have here as the plaintiffs have conceded. They've also waived any argument to the contrary because the district court found at pages 7 to 11 of the excerpts of record that none of their alleged affirmative misrepresentations are actual. They have not challenged that on appeal. So, yes, Your Honor. Counsel, let me pose a question I posed to your friend, which is, and the parties really haven't addressed this, but it's somewhat mysterious to me. We have the statutory claims, the CLRA, UCL. UCL, I believe, is count one. CLRA is count two. And then count three, we have this common law omission claim. But you all, in the briefing, seem to just treat all the CLRA standards as basically coterminous with the common law claim. That is your position, that all this, basically this case law interpreting statute also applies with equal force to the common law claim? It does in this case, as the plaintiffs have conceded, because a duty to disclose is the common thread that every claim would require. So if there's no duty to disclose and there isn't, that's what Wilson holds in these circumstances, then the fraudulent omission claim under common law fails, and the CLRA claim and the UCL claim also fail. All of them require a duty to disclose. So while they may diverge in some respects, they have a common thread that is not present here. Okay. Anything further, counsel? No, if the Court has no further questions. Very well. Thank you. Mr. Christ, you have some seconds left, and I'll give you a little bit of leeway, but don't press me too far. Thank you, Your Honor. I appreciate that. I wanted to address one of the issues, one of the balancing factors that my friend has mentioned, largely that if this case goes our way, then it's going to have to make all defendants ensure that product lasts forever. That's not what we're asking. We're asking just that would be an express breach of warranty expansion. We're not asking for that. We're only asking that if there is a defect that the consumer thinks would be material, then you should disclose it. That's it. And I submit to you that the materiality function and element already assuages all of those concerns, and an example is really helpful. So I think I see that I'm over time, Your Honor, but if I may continue. Yes, please. It brings it all into balance. So materiality asks if the consumer would have changed their behavior differently if they had known of the defect. So materiality says, you know, if you know that a defect is going to arise eight years from now, if you know that your laptop is probably going to fail eight years due to the cables, then is that going to change your decision whether or not to buy it? Probably not. But if you know that it's going to arise probably two years, two and a half, as a lot of our plaintiffs have alleged, that is material, that is different, and that's well within the statute of limitations. Our concern here ultimately, Your Honor, is that it eviscerates the normal statute of limitations that is provided for a fraudulent omission claim, and it also does not address California's extremely liberal policy of protecting consumers and stopping fraudulent business practices. Unless Your Honor has any more questions. No questions. Thank you, counsel. Thank you very much. The case just argued will be submitted for decision, and the court will adjourn for the morning. All rise.
judges: O'SCANNLAIN, BUMATAY, Baker